UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN DOE, | Case No.: 3:25-cv-00351-MMD-CSD |
| Plaintiff | **Order** |
| v. | ECF Nos. 1, 1-1, 1-2 |
| MARK ZUCKERBERG, et al., | |
| Defendants | |

Plaintiff, who requests to proceed under a pseudonym and indicates he is incarcerated, has filed an application to proceed in forma pauperis (IFP) (ECF No. 1), a pro se complaint (ECF No. 1-1), and a motion to proceed under pseudonym (ECF No. 1-2).

**I. Motion to Proceed Under Pseudonym**

Federal Rule of Civil Procedure 10 requires every pleading to name all of the parties. Fed. R. Civ. P. 10(a). Local Rule IA 10-2 also provides that the first page of every document presented for filing must contain a pro se party's name, address, phone number and email address. Plaintiff's filings fail to comply with these rules, and he seeks leave to proceed anonymously.

These rules reflect the "paramount importance of open courts," and the "default presumption [ ] that plaintiffs will use their true names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1046 (9th Cir. 2010). "As a general rule, the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008). To proceed anonymously, a plaintiff must show "special circumstances" demonstrating that his "need for anonymity outweighs prejudice to the opposing party and the

public's interest in knowing the party's identity." *Does 1 through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

Courts have allowed plaintiffs to proceed anonymously in circumstances where identifying himself or herself "creates a risk of retaliatory physical or mental harm;" is "necessary to preserve privacy in a matter of sensitive and highly personal nature;" or when "the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* (internal quotation marks and citations omitted).

The court balances five factors when a party asserts that they will be subject to retaliatory conduct if they are not allowed to proceed anonymously: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears,… (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Kamehameha*, 596 F.3d at 1042 (citation and internal quotation marks omitted).

Where retaliatory harm is not alleged, courts generally weigh: (1) the party's interest in anonymity, including the severity of any likely harm; (2) prejudice to the opposing party; and (3) the public's interest. *See e.g. Doe No. 1. v. Wynn Resorts, Ltd.*, No. 2:19-cv-01904-GMN-VCF, 2022 WL 3214651, at *4 (D. Nev. Aug. 9, 2022) (citations omitted).

Plaintiff states that he should be permitted to proceed under a pseudonym because he is suing high-ranking government officials and major media and technology entities, and his case involves sensitive issues of compelled medical decisions and government censorship. He seeks to protect his privacy, safety, and psychological well-being. He states that incarcerated individuals are often targets for abuse or pressure when their involvement in politically sensitive or high-profile litigation becomes known.

Since Plaintiff alleges both a fear of retaliatory harm and privacy concerns, the court considers the above-mentioned factors together since the factors overlap.

Again, the court starts with "[t]he normal presumption in litigation is that parties must use their real names." *Kamehameha Schools*, 596 F.3d at 1042 (citations omitted).

Plaintiff's claims of harm are conclusory and general in nature without an explanation of what specific harm he believes would befall him if his identity is disclosed. Likewise, he has not demonstrated his fear of harm is reasonable.

Plaintiff claims he is vulnerable to harm because he is incarcerated and is bringing "high-profile" claims against "high-ranking" government officials and entities. Essentially, Plaintiff's complaint alleges that there was an effort among the defendants to suppress truthful public health information regarding the COVID-19 vaccine that resulted in Plaintiff making uninformed medical decisions. Plaintiff is not the first person to raise such allegations whether in the courts or in the media, and Plaintiff has not established a reasonable basis for fear of harm tied to such allegations. Many plaintiffs, including inmate plaintiffs, have brought "high-profile" claims against "high-ranking" government officials in their own names, and in that sense, this case is not unusual.

Insofar as he asserts that this litigation will involve deeply personal issues, including his medical history, the court does not find this is a basis to proceed anonymously here. The court is faced with lawsuits every day brought by inmates who allege they have been denied adequate health care where the inmate's sensitive medical history, often including psychological issues, is placed at issue. These inmates are not permitted to proceed anonymously. Here, the complaint does not divulge any particularly sensitive health information.

1   On the other hand, the defendants to this action will be prejudiced if the identity of the Plaintiff is not disclosed and they must litigate these claims publicly while Plaintiff hides behind a cloak of anonymity.

Finally, the public interest in open proceedings weighs against allowing Plaintiff to proceed anonymously.

In conclusion, Plaintiff has not established that the public's interest in knowing the identity of the parties involved in a lawsuit is outweighed by his asserted need to proceed anonymously. As such, his motion to proceed under a pseudonym is denied.

## II. Application to Proceed IFP

In addition, Plaintiff is required to submit an IFP application on the court's form. LSR 1-1. An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody

of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff has not submitted an IFP application for an inmate on the court's form or the required financial documentation. Therefore, his IFP application is denied without prejudice to submit the application on the court's form with the required financial documentation or pay the filing fee.

### III. CONCLUSION

(1) Plaintiff's motion to proceed under pseudonym (ECF No. 1-2) is **DENIED**.

(2) As the complaint does not contain the required identifying information, Plaintiff must file an amended complaint with the required identifying information **on or before September 16, 2025.** If Plaintiff fails to timely file an amended complaint, it will be recommended that this action be dismissed without prejudice. The Clerk shall **SEND** Plaintiff the instructions and form civil rights complaint.

(3) Plaintiff's IFP application (ECF No. 1) is **DENIED WITHOUT PREJUDICE**. The Clerk shall **SEND** Plaintiff the instructions and form application to proceed IFP for an inmate. Plaintiff shall file his completed IFP application or pay the $405 filing fee on or before **September 16, 2025**. If Plaintiff fails to timely submit a completed IFP application or pay the filing fee, it will be recommended that this action be dismissed without prejudice. If Plaintiff submits a completed IFP application or pays the filing fee, the court will then screen his complaint under 28 U.S.C. § 1915(e), 28 U.S.C. § 1915A, or both.

**IT IS SO ORDERED**.

Dated: August 27, 2025

_____
Craig S. Denney
United States Magistrate Judge