UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN DOE, | Case No.: 3:25-cv-00351-MMD-CSD |
| Plaintiff, | ORDER |
| v. | |
| MARK ZUCKERBERG, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff John Doe filed a request to proceed under pseudonym, an application to proceed *in forma pauperis* ("IFP"), and a civil rights complaint under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) against government officials and major media and technology entities. (ECF Nos. 1, 1-1, 1-2.) On August 27, 2025, Magistrate Judge Craig S. Denney denied the motion to proceed under pseudonym (ECF No. 1-2), denied the IFP application (ECF No. 1) without prejudice[1], and ordered that an amended complaint with the required identifying information be filed by September 16, 2025, or the action would be recommended for dismissal without prejudice. (ECF No. 3.) Plaintiff subsequently filed an objection on August 28, 2025 (ECF No. 4), which the Court overruled (ECF No. 5 (upholding the deadlines set forth in the Magistrate Judge's order (ECF No. 3), including the September 16, 2025 deadline for filing an amended complaint)). Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Denney (ECF No. 6), recommending dismissal of the action without prejudice due to Plaintiff's failure to comply with prior court orders and the expiration of the September 16, 2025 deadline. (ECF No. 6 at 2.) Plaintiff moved for an extension of time to file his objection along with the objection

---

[1]Judge Denney instructed Plaintiff to submit a new IFP application or, alternatively, to pay the filing fee by September 16, 2025. (ECF No. 3.)

to the R&R, itself. (ECF No. 7.) The Court will (1) grant the extension of time request to file the objection, (2) consider the objection, and (3) sustain the objection, in part, to grant Plaintiff's request that he be permitted to file the correct IPF application for non-prisoners or, alternatively, pay the filing fee and file an amended complaint to cure the deficiencies identified in the Court's prior order (ECF No. 3) within 30 days.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where, as here, a party timely objects to a magistrate judge's R&R, the Court must "make a *de novo* determination of those portions of the R&R to which objection is made." *Id.* The Court's review is thus *de novo* because Plaintiff filed his objection (ECF No. 7). Plaintiff objects to Judge Denney's prior order requiring him to file a new IFP application for prisoners, asserting that he is not incarcerated.[2] (*Id.* at 2-3.) Plaintiff further objects to Judge Denney's recommendation for dismissal, arguing that the misclassification spurred Plaintiff's confusion and delay in filing the amended complaint and IFP application. (*Id.* at 4-5.) In light of Plaintiff's *pro se* status and confusion that resulted in Plaintiff's failure to file the amended complaint by the September 16, 2025 deadline, the Court rejects the recommendation for dismissal.

It is therefore ordered that the Report and Recommendation to dismiss this action for Plaintiff's failure to file an amended complaint (ECF No. 6) is rejected.

It is further ordered that Plaintiff's motion for leave to file late objection (ECF No. 7) is granted.

It is further ordered that Plaintiff file an amended complaint to cure the deficiencies identified in the Court's prior order (ECF No. 3) by November 15, 2025.

It is further ordered that Plaintiff file the correct IFP application for non-prisoners or, alternatively, pay the filing fee by November 15, 2025.

///

---

[2]As noted, the Court overruled Plaintiff's prior objection and found Judge Denney did not err in relying on Plaintiff's own statements about his custodial status. (ECF No. 5.)

It is further ordered that the Clerk send Plaintiff the instructions and form application to proceed IFP for a non-prisoner.

If Plaintiff fails to timely submit a completed IFP application or pay the filing fee, and to timely file an amended complaint, this action will be dismissed without prejudice. If Plaintiff submits a completed IFP application or pays the filing fee, the Court will then screen his complaint under 28 U.S.C. § 1915(e), 28 U.S.C. § 1915A, or both.

DATED THIS 15th Day of October 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3